THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
Attorneys for Albert Dytch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH, | Case No. CV 10-1928 EMC |
| Plaintiff, | UPDATED JOINT CASE MANAGEMENT STATEMENT ; ODRER RESETTING CMC |
| v. | January 26, 2011<br>2:00 p.m. |
| YOHANES GEBREAB, ZEMAM GEBREAB and GEORGE KIFLE, | Courtroom C; 15th Floor; SF |
| Defendants. | |

**The parties to the above-entitled action jointly submit this Updated Case Management Statement:**

**Update**

The attorneys met on site on November 29, 2010, and worked out a tentative list of modifications to the Restaurant. On that date, a revised draft Settlement Agreement was provided by Plaintiff's counsel to Defendant's counsel.

Defendant has not responded to the revised draft Settlement Agreement. On December 7, 2010, Plaintiff filed a Notice of Need for Mediation.

Joel Franciosa was appointed as the Mediator. On January 14, 2011 a Mediation

CV 10-1928 EMC                                    1

teleconference was held.  Mediation was set for March 8, 2011.  The Parties were encouraged to discuss settlement in the mean time.

**1. Jurisdiction and Service:**

*Jurisdiction*: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq.  Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 54, 54.1 and 55.  *Venue*: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced discrimination is located in this district and that Plaintiff's causes of action arose in this district.  No issues exist regarding personal jurisdiction.

All defendants have been served, and will have Answered by the Conference date.

**2.  Facts:**

This is a disability access case brought pursuant to the ADA and California law. Plaintiff alleges that he is disabled.  Defendant owns the real property in Oakland where a Restaurant is operated.  Plaintiff alleges that on March 12, 2010, he patronized the Restaurant and encountered barriers to the disabled.  Plaintiff seeks an injunction, damages and attorneys' fees.

**3.  Legal Issues:**

Whether the business has barriers which are readily achievable to remove; whether the business is in violation of ADAAG or California's Title 24 because of the date of original construction and alterations (if any); the nature and extent of any damages (if any) suffered by

Plaintiff and; whether Plaintiff is entitled to, and the reasonable amount of, Plaintiff's attorneys' fees and costs.

**4. Motions:**

No Motions have been made or are pending.  No Motions are currently anticipated.

**5. Amendment of Pleadings:**

No amendments to the pleadings are currently anticipated.

**6. Evidence Preservation:**

No steps have been taken to preserve any paper or electronic evidence.  No such steps are thought to be needed.

**7. Disclosures:**

The parties will make their Initial Disclosures by March 1, 2011

**8. Discovery:**

Discovery taken to date is as follows:

The scope of anticipated discovery is as follows:

No limitations or modifications of the discovery rules are requested.

The parties' proposed discovery plan pursuant to Fed. R. Civ. P.26(f) is as follows:

(1) No changes to the timing, form, or requirement for disclosures under Rule 26(a) or local rule are requested. The parties have made/will make their Initial Disclosures as indicated in paragraph 7, above;

(2) (a)  Plaintiff will seek to discover the ownership of the property, the construction history, a detailed survey of the property by Plaintiff's Expert and, if Defendant asserts the defense that the modifications requested by Plaintiff are unduly expensive,

Defendant's income from the property.

    (b) Defendant will seek to discover Plaintiff's physical condition, facts regarding Plaintiff's alleged patronage of the business, Plaintiff's damages, if any, and the opinions of Plaintiff's Expert.

  (3) The parties do not seek any changes to the limitations on discovery imposed under the FRCP or Local Rules.

  (4) The parties do not request any other orders, whether under Rule 26(c) or under Rule 16(b) and (c).

**9. Class Action:**

  This is not a class action.

**10. Related Cases:**

  There are no cases which are "related" to this one.

**11. Relief:**

  Based on Federal and State law, Plaintiff seeks an injunction and attorneys' fees. Based on State Statutes, Plaintiff seeks actual and statutory damages.

**12. Settlement and ADR:**

  The prospects of settlement are excellent. No ADR has occurred. However, the Parties request a Court Mediation. No further discovery is needed to position the parties for settlement.

**13. Consent to Magistrate Judge For All Purposes:**

  The Parties consent to the jurisdiction of a Magistrate Judge.

**14. Other References:**

No other references are appropriate.

**15. Narrowing of Issues:**

No narrowing of issues is presently appropriate.

**16. Expedited Schedule:**

This case is appropriate for an expedited schedule.

**17. Scheduling:**

The Court has set a three day bench trial for March 19, 2012 "Court to issue other deadlines in the Case Management Conference Order".

**18. Trial:**

Bench trial has been set for March 19, 2012..

**19. Disclosure of Non-party Interested Entities or Persons:**

Each party will have filed the required "Certification of Interested Entities or Persons" as is required by Civil Local Rule 3-16.

The substance of Plaintiff's Certification states that there are no Interested Entities or Persons.

The substance of Defendant's Certification states that there are no Interested Entities or Persons.

**20. Such other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:**

None.

Date:   January 19, 2011                S/Thomas N. Stewart, III,
                                        Attorney for Plaintiff


Date:   January 19, 2011                S/H. Paul Bryant,
                                        Attorney for Defendants



IT IS SO ORDERED that the case management conference set for 1/26/11 at ~~2:00 p.m.~~  2:30 p.m. is reset for 3/16/11 at 1:30 p.m.  An updated joint CMC statement shall be filed by 3/9/11.

_____
Edward M. Chen
U.S. Magistrate Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA; stamp: IT IS SO ORDERED AS MODIFIED, Judge Edward M. Chen]*